**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LOVEY MCCLAIN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. 26-01090-SAG** |
| **IDEXX LABORATORIES, INC.,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Plaintiff Lovey McClain, who is self-represented, filed this disability discrimination action against her former employer, Defendant IDEXX Laboratories, Inc. ("IDEXX"). ECF 1. Several motions are presently pending and ripe for disposition[1], and this Court has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). They are addressed as follows:

**IDEXX's Motion to Set Aside Default (ECF 20)**

This Court has reviewed the motion, the opposition (ECF 21), and the reply (ECF 25). The Clerk of Court entered an order of default against IDEXX on July 23, 2026, ECF 11, 12, but IDEXX learned of the default on September 10, 2026. It filed the instant motion one week later, on September 17, 2026. ECF 20.

After the Clerk enters default, the Court "may set aside an entry of default for good cause." Fed. R. C. P. 55(c). The Fourth Circuit has stated that, when compared to the standard under Rule 60(b), the "good cause" standard in Rule 55(c) "is more forgiving of defaulting parties because it does not implicate any interest in finality." *Colleton Preparatory Acad., Inc. v. Hoover Universal,*

---

[1] One pending motion is not yet ripe for disposition. The motion to seal at ECF 22 will be addressed separately when ripe.

*Inc.,* 616 F.3d 413, 420 (4th Cir. 2010); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). Indeed, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). Because the Clerk has entered default against IDEXX but a default judgment has not been issued, IDEXX's motion to vacate is correctly considered pursuant to the more lenient standard of Rule 55(c), rather than Rule 60(b).

Six factors are relevant to the analysis of this motion. "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The decision to set aside a default "lies largely within the discretion of the trial judge." *Id.* at 204.

In this case, the parties agree that IDEXX was not properly served with the summons and complaint before default was entered. IDEXX filed its motion to set aside default within one week of its learning of the situation. Because no scheduling order has yet been set in this case, there will be no prejudice to Plaintiff if the default is vacated. The "prejudice" factor is not satisfied where a plaintiff faces "no disadvantage . . . beyond that suffered by any party which loses a quick victory."

*Augusta*, 843 F. 2d at 812. Plaintiff also has not expended attorney's fees or costs because she is a self-represented party. And IDEXX has no history of dilatory action. This Court therefore need not assess to the parties' dispute about whether IDEXX has proffered a meritorious defense. With most of the relevant factors weighing in favor of setting aside default, and the strong preference of the Fourth Circuit that defaults be avoided, the motion to set aside the default, ECF 20, is **GRANTED.**

**Plaintiff's Motions to Re-Serve IDEXX or to Re-Issue Summons, ECF 13 and 14**

IDEXX's counsel has agreed to accept service of the Complaint and Summons. ECF 20-4. As a result, Plaintiff's service-related motions, ECF 13 and 14, are **DENIED AS MOOT.** This Court will set a deadline of **November 16, 2026** for IDEXX to respond to the Complaint.

**Plaintiff's Motion to Appoint Counsel (ECF 5)**

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

At this point, Plaintiff has evidenced the capacity to present the claims in her Complaint. Accordingly, there are no exceptional circumstances at this time and her motion to appoint counsel (ECF 5) is **DENIED** without prejudice.

Dated: October 16, 2026

/s/
Stephanie A. Gallagher
United States District Judge